## LEWIS J. SOMERS
vs.
## BOARD OF RELIEF OF THE CITY OF MERIDEN

Superior Court      New Haven County      File #47645
#49962 #52621

MEMORANDUM FILED JUNE 21, 1938.

Lewis J. Somers, of Meriden, for the Plaintiff.

Edward M. Rosenthal, of Meriden, for the Defendant.

FOSTER, J.   The plaintiff appealed from the decision of the Board of Relief of the City of Meriden, relative to the assessment of his property on the list of 1932, and such appeal was decided against him, and the Supreme Court of Errors affirmed the action of the Superior Court.  *Somers vs. Meriden,* 119 Conn. 5.   The plaintiff appealed from the decision of the Board of Relief relative to the assessments of his property on the lists of 1934, 1935 and 1936—three separate appeals. These appeals were tried together before this Court and in each case the appeal was dismissed.

The defendant now moves in each of the three cases for a further allowance by way of indemnity as permitted by statute (Gen. Stat. [1930] §2271).

The statute provides: "In difficult or extraordinary cases in

the superior court, where a defense has been interposed, the court may, in its discretion, make a further allowance to the prevailing party, not to exceed one hundred dollars."

In the cases to which these motions apply, the plaintiff attempted to show that a different state of facts existed than at the time of the assessment of October 1, 1932; but the Court has found little, if any, further ground upon which the plaintiff might predicate such appeals.

The trial of these cases occupied much time. Much time of counsel for the City of Meriden was required, not only for the trial of the cases, but also for preparation for trial. In the trial of these cases it was necessary for the City of Meriden to employ and present numerous expert witnesses.

The indemnity fee seldom reimburses a party for the time and expense required in the presentation of a case. The statute does, however, provide that in "difficult or extraordinary cases" a "further allowance" may be made to the prevailing party. The provision of the statute is so worded as to indicate the intent that for one trial "further allowance" should not exceed $100. Here there was but one trial, though there were three cases. The Court is of the opinion that a further allowance of $100 should be made to the defendant by way of indemnity. Instead of dividing this sum into three parts, it is allowed as to one case and disallowed as to the two other cases.

Upon case number 47645 an extra allowance by way of indemnity of $100 is allowed.

In cases numbers 49962 and 52621, the motions for further allowance are denied.